UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ronnie Cook, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-cv-12353-BHH |
| v. | ) | |
| | ) | **Order** |
| Alan Wilson, State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon *pro se* and *in forma pauperis* Plaintiff Ronnie Cook's ("Plaintiff") complaint against Defendants brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pretrial proceedings.

On September 10, 2025, Magistrate Judge Brown issued a Report and Recommendation ("Report"), recommending that the action be dismissed without issuance and service of process and without leave to amend. (ECF No. 9.) The Report finds Plaintiff's complaint is frivolous, that the named Defendants are immune from suit and/or are otherwise entitled to dismissal, and that the complaint fails to state a claim for relief. (*Id.*) Plaintiff filed objections to the Report on September 25, 2025. (ECF No. 11.)

**Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged

with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

The Report states that Plaintiff fails to establish a claim for supervisory liability against Defendants Alan Wilson, the South Carolina Attorney General, and the State of South Carolina. (ECF No. 9 at 5); *see also Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (reciting the elements of a claim for supervisory liability under § 1983). Further, the Report states that: (1) all claims against the State of South Carolina are subject to dismissal because the State is not a "person" within the meaning of § 1983 and such claims are barred by the Eleventh Amendment; (2) all claims against Alan Wilson in his official capacity are barred by the Eleventh Amendment, and Wilson has prosecutorial immunity from suit with respect to his actions with regard to Plaintiff's criminal cases; (3) all purported claims against magistrate judges in Greenville County are subject to dismissal because judges possess immunity for judicial actions; and (4) all claims against

2

Plaintiff's public defender[1] are subject to dismissal because public defenders are not state actors. (*Id.* at 6-8.) The Report also finds that Plaintiff fails to state a viable claim for relief under § 1983. (*Id.* at 9-12.)

Additionally, to the extent Plaintiff's claims are brought to challenge the charges pending against him or his present incarceration at the Greenville County Detention Center, the Report concludes that Plaintiff's claims are barred by the *Younger*[2] abstention doctrine. (*Id.* at 12-14.) The Report also states that Plaintiff purports to bring a claim under 18 U.S.C. § 1962, the Racketeer Influenced and Corrupt Organization Act ("RICO"), but the Report finds that Plaintiff's "naked assertions simply fail to plausibly state a RICO violation." (*Id.* at 14.)

In his objections, Plaintiff largely fails to engage the Magistrate Judge's analysis. (*See generally* ECF No. 11.) To the extent Plaintiff brings specific objections to the Report, the Court overrules them. As an initial matter, Plaintiff alleges he was denied the right to a speedy trial. (*Id.* at 3.) However, Plaintiff may present arguments that his speedy trial rights were violated as part of his defense in his ongoing criminal proceedings. (*See* ECF No. 9 at 10-14.); *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." (internal quotation marks omitted)). Moreover, the Court finds that Plaintiff fails to meet the "heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or

---

[1] Plaintiff has not named his public defender as a Defendant, although he alleges his public defender is not giving him discovery in his case. (ECF No. 1 at 5.)
[2] *Younger v. Harris*, 401 U.S. 37 (1971).

harassment." *Weitzel v. Div. of Occupational & Pro. Licensing*, 240 F.3d 871, 876 (10th Cir. 2001) (internal quotation marks omitted); (ECF No. 11 at 4.)

The court further finds that Plaintiff's objections to the Report regarding judicial immunity are without merit: although Plaintiff states that "these Magistrates are acting *outside* their judicial role," (ECF No. 11 at 4 (emphasis added)), the alleged actions fall squarely within these judges' judicial roles. (*See* ECF No. 9 at 7-8.) Finally, the Court finds that Plaintiff fails to address the Magistrate Judge's analysis of the purported RICO claim.

In sum, after *de novo* review, the Court finds no error in the Report and finds no merit to Plaintiff's objections.

<u>**Conclusion**</u>

Based on the foregoing, the Court **adopts and specifically incorporates herein** the Magistrate Judge's Report (ECF No. 9); **overrules** Plaintiff's objections (ECF No. 11); and **dismisses this action without issuance and service of process and without leave to amend.**

**IT IS SO ORDERED.**

<u>/s/ *Bruce Howe Hendricks*</u>
United States District Judge

April 28, 2026
Charleston, South Carolina

4